IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRIAN LEE CORBETT,                          )
                                            )
              Plaintiff,                     )
v.                                          )          Civil Action No. 2:25-00337
                                            )
JAMES SANDS, *et al.*,                       )
                                            )
              Defendants.                    )

PROPOSED FINDINGS AND RECOMMENDATION

On May 22, 2025, Plaintiff, acting *pro se*, filed his Complaint for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] As Defendants, Plaintiff names the following: (1) James Sands, Dismas Charities Director; (2) Anthony Mori, FBOP Residential Reentry Manager ; (3) Counselor Lane; (4) Denise Isaccs; and (5) CMO Phinx. (Id.) Plaintiff alleges that Defendants violated his due process rights. (Id.) Specifically Plaintiff states as follows:

> There was a violation of my due process rights. I was not given an opportunity to be present at UDC hearing nor given an opportunity to make statements, cross examine on my behalf. The hearing was conducted without me and took/resulted in a loss of 33 good days and all of my First Step time credits.

(Id.) As relief, Plaintiff requests $250,000 in damages. (Id.)

On June 9, 2025, Plaintiff filed his Application to Proceed Without Prepayment of Fees and Costs and Amended Complaint for alleged violations of his constitutional and civil rights

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

pursuant to Bivens. (Document Nos. 5 - 6.) In his Amended Complaint, Plaintiff again names the following as Defendants: (1) CMO Phinx; (2) Counselor Lane; (3) Denise Isaccs; (4) James Sands, Dismas Charities Director; and (5) Anthony Mori, FBOP Residential Reentry Manager. (Document No. 6, pp. 1 and 4.) Plaintiff alleges that Defendants violated his due process rights during prison disciplinary proceedings resulting in the loss of good time credit. (Id., pp. 4 – 5, 8 – 9.) Plaintiff explains that when he was driving back to Dismas Charities Halfway House on April 3, 2025, Plaintiff was stopped by officers with the South Charleston Police Department. (Id., p. 4.) Plaintiff claims that he was ultimately arrested and charged with being an accessory after the fact of bank robbery. (Id., pp. 4 – 5, 8.) Plaintiff, however, acknowledges that the charges against him were dismissed on April 10, 2025. (Id.) Plaintiff complains that sometime between April 3, 2025, and May 1, 2025, Defendant Phinx wrote an incident report against Plaintiff in violation of his "due process [rights] and FBOP policy."[2]  (Id., p. 8.) First, Plaintiff asserts that he was not provided a copy of the incident report within "24 hours of the incident being wrote." (Id.) Second, Plaintiff claims that Defendant Lane and Isaccs "had an UDC hearing without [Plaintiff] being present and decided that the incident report should be moved to a DHO hearing." (Id.) Plaintiff states that Defendants Sands "approved of the DHO hearing without [Plaintiff] being present." (Id.) Plaintiff alleges that he was "found guilty" resulting in loss of First Step Act credit and "33 days of [his] good time" credit. (Id., pp. 8 – 9.) Plaintiff argues that "[n]one of this should of took place without [Plaintiff] being present to prove on [his] behalf that [he] wasn't guilty of the incident report that

---

[2] The failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation. See Myers v. Klevenhager, 97 F.3d 91, 94 (5th Cir 1996); Giovanni v. Lynn, 48 F.3d 908, 913 (5th Cir. 1995), cert. denied, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court has indicated that prison regulations are not designed to confer rights on or benefits to inmates. Rather, they are primarily designed to guide correctional officials in the administration of prisons. Sandin v. Conner, 515 U.S. 472, 481- 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Accordingly, Plaintiff's claims based upon Defendants' alleged failure to comply with their own policies or procedures is insufficient to state a claim.

2

[he] never got in the first place." (Id., p. 9.) As relief, Plaintiff requests the following: (1) That his First Step Act credit and good time credit be restored; (2) Plaintiff be released back to Dismas Charities Halfway House or placed on home confinement; (3) All staff members involved in this case be fired; and (4) $250,000 in monetary damages. (Id., pp. 5 – 6.)

### THE STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. See Randolph v. Campbell, 25 Fed.Appx. 261 (6th Cir. 2001)("Screening procedures established by the Prison Litigation Reform Act apply whether plaintiff has paid the entire filing fee or is proceeding in forma pauperis"). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be

granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## **DISCUSSION**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). A Bivens

action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05. A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. Bivens core premise is to deter individual officers' unconstitutional acts. Correctional Services Corp v. Malesko, 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001)(declining to extend Bivens to confer a right of action for damages against private entities acting under the color of federal law).

In the instant case, Plaintiff alleges that his due process rights were violated because he was improperly convicted during prison disciplinary proceedings of charges contained in an incident report. (Document Nos. 1 and 6.) Plaintiff alleges that he was not provided with a copy of the incident report within 24 hours of the incident report being prepared, the UDC hearing was conducted without Plaintiff being present, and the DHO hearing was conducted without Plaintiff being present. (Id.) Plaintiff contends that the above violations prevented Plaintiff from proving he "wasn't guilty of the incident report." (Id.) As a result of his conviction, Plaintiff states that he lost his First Step Act credits and good time credits. (Id.)

In Heck v. Humphrey, 512 U.S.477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court established the following test to determine whether a prisoner's claim for violation of due process in the context of a criminal proceeding is cognizable under 42 U.S.C. § 1983.

In order to recover damages for allegedly unconstitutional conviction or

5

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487, 114 S.Ct. at 2372-73; see also Poston v. Shappert, 222 Fed.Appx. 301 (4th Cir. 2007)(applying *Heck* rationale to bar claims for damages under Section 1983 and *Bivens*); Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions).

The Supreme Court applied the Heck rule to prison disciplinary proceedings in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), when it held that, in the context of prison disciplinary hearings that result in the loss of good-time credits, challenges to prison hearing procedures which necessarily imply the invalidity of the judgment must be pursued in *habeas corpus*, not in a Section 1983 action. In Balisok, the inmate alleged that he was denied the opportunity to put on a defense due to the deceit and bias of the hearing officer. The Court held "that [Balisok's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." Edwards, 520 U.S. at 648, 117 S.Ct. at 1589. Accordingly, the undersigned proposes that the District Court find (1) that Plaintiff alleges that he was denied due process in connection with his prison disciplinary hearing, (2) that his contentions

6

imply the invalidity of the disciplinary hearings and the review and appeal process, (3) that there has been no invalidation of the disciplinary hearing, and (4) that his claim is therefore barred.[3]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 5), **DISMISS** Plaintiff's Complaints (Document Nos. 1 and 6), and **REMOVE** this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

---

[3]  The undersigned further notes that prisoner disciplinary proceedings are not part of criminal prosecution. Thus, the full panoply of rights due a defendant in criminal proceedings do not apply in prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974)("there must be mutual accommodation between institutional needs and objective and the provisions of the Constitution"). Inmates, however, are entitled to the following procedural safeguards during disciplinary hearings: (1) advance written notice to the inmate of the claimed violation; (2) an opportunity for the inmate to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action. *Id.*, at 563 - 66. If Plaintiff believes he was denied any of the above procedural safeguards, Plaintiff should file an Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: February 24, 2026.



Omar J. Aboulhosn
United States Magistrate Judge